**JONES et al. v. FIRST NAT. BANK of GEARY.**

No. 15799—Opinion Filed April 20, 1926.

1. **Appeal and Error—Record—Journal Entry of Judgment.**

The parties are bound by the findings and

recitals contained in the journal entry of judgment on appeal by transcript, where the errors complained of are not reflected in the judgment roll.

### 2. Judgment Sustained.

Record examined; held, to be sufficient to support judgment for the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Blaine County; James I. Phelps, Assigned Judge.

Action by the First National Bank of Geary against Julia Jones and A. J. Jones to recover on a note. Attachment run against lands conveyed by the defendant to Ira Talley. Judgment for the plaintiff for recovery of the indebtedness, hearing on attachment proceedings continued, and defendants appeal. Affirmed.

Warren K. Snyder, for plaintiffs in error.

Seymour Foose and R. C. Brown, for defendant in error.

Opinion by STEPHENSON, C. The First National Bank of Geary commenced its action against Julia and A. J. Jones to recover on a promissory note. The following judgment was rendered in the cause thereafter:

(1) That the court found that the defendants failed to file amended answer within the time allowed by the court; that the defendants were adjudged to be in default.

(2) That the court found that the plaintiff introduced in evidence and for cancellation and merger in said judgment, the note sued upon; that the same is due, owing, and unpaid.

Then followed judgment in favor of the plaintiff and against the defendants for the amount sued for. The hearing in the attachment proceeding was continued.

The defendants did not file motion for new trial, and perfected their appeal here by transcript. The appellants assume the following conditions as grounds for reversal of the cause:

(1) That the defendants were not in default in filing answer.

(2) That the judgment was rendered against the defendants without receiving evidence to support the allegations of the petition.

It would be necessary for us to assume conditions not reflected by the judgment roll, in order to consider the errors complained of by the plaintiffs in error.

It is necessary for the appellants to make the proceedings complained about a part of the record on appeal here, in order to enable the errors assigned to be considered. This question is so well settled that there is no need for citation of authorities to support the rule.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 512 § 2287; p. 521 § 2298. (2) 4 C. J. p. 1129 § 3122.